■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA A. KRAMER, Also Known as BARBARA A. HEALY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered January 17, 1977, convicting her of possession of gambling records in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, indictment dismissed, and case remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The defendant was indicted for possession of gambling records in the first degree (Penal Law, § 225.20, subd 1) and promoting gambling in the second degree (Penal Law, § 225.05). Concerning the second count, which was for promoting gambling in the second degree, the indictment charged that the defendant "knowingly advanced unlawful gambling activity by maintaining financial records of a bookmaking scheme or enterprise." After the case was submitted to the jury, the foreman announced to the court: "MR. FOREMAN: * * * your Honor, we find that after deliberation * * * that we have a hung jury, neither side giving one way or the other. THE COURT: That's on both counts? MR. FOREMAN: That's on both counts." (Emphasis added.) The court then proceeded to give what is known as an Allen charge (see Allen v United States, 164 US 492), wherein it encouraged the jurors to resume their deliberations and return a verdict "if you can do so without

violating your individual judgment and your conscience." The jury returned to its deliberations and subsequently found the defendant guilty of the first count, charging possession of gambling records in the first degree, and not guilty of the second count, promoting gambling in the second degree. Although the issue has not been raised by the defendant, in the interest of justice we note that the verdict is repugnant. By its acquittal on the second count, the jury explicitly found that the defendant had *not knowingly maintained financial records* of a bookmaking scheme or enterprise. It was inconsistent for the jury to then find that under count one the defendant had *knowingly possessed* "writings, papers, instruments or articles of a kind commonly used in the operation or promotion of a bookmaking scheme or enterprise, representing more than five bets totaling more than $5,000." Moreover, having found by its verdict of not guilty under count two, that the records seized from the defendants' apartment were not maintained *knowingly* by her, the jury implicitly accepted the statutory defense to count one which establishes lack of intent as a complete defense (see Penal Law, § 225.25). Clearly, a person who does not knowingly maintain gambling records, cannot be found to have knowingly intended to possess the same. Accordingly, the judgment must be reversed and the indictment dismissed (see *People v Greenfield,* 70 AD2d 662; *People v Cintron,* 67 AD2d 1007). We have considered the other points raised by the defendant, and have found them to be without merit. Lazer, J. P., Rabin, Shapiro and Margett, JJ., concur.